IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, } | |
| } | CIVIL ACTION NO. |
| Plaintiff, } | |
| } | |
| v. } | COMPLAINT Judge Clark |
| } | |
| NIBCO INC., } | |
| } | (JURY DEMANDED) |
| } | |
| Defendant. } | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 to correct unlawful employment practices and to make whole Charging Party Oktay Saros. The Commission alleges that the Defendant, NIBCO Inc., subjected Oktay Saros to disparate treatment, harassment and a hostile work environment because of his national origin (Turkey) and religion (Muslim).

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, ("Title VII"), 42 U.S.C. Sections 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. 1981a.

2.  The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Texas.

## PARTIES

3. Plaintiff, Equal Employment Opportunity Commission (the "Commission"), is an agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Section 706(a) of Title VII, 42 U.S.C. Section 2000e-5(a).

4. At all relevant times, Defendant, NIBCO Inc., has continuously been and is now doing business in the State of Texas, and has continuously had at least fifteen employees.

5. At all relevant times, Defendant has continuously been employers engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. Sections 2000e-(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Oktay Saros filed a charge with the Commission alleging violations of Title VII by the Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. During the employment of Mr. Saros, Defendant subjected him to disparate treament, harassment and a hostile work environment because of his national origin (Turkey), and his religion (Muslim), in violation of Section 703(a)(1) of Title VII, 42 U.S.C. Section 2000e-2.

8. The effect of the practices complained of above has been to deprive Mr. Saros of equal employment opportunities and otherwise adversely affect his status as an employee.

9. The unlawful employment practices complained of in paragraph 7, above, were intentional.

10. The unlawful employment practices complained of in paragraph 7, above, were done

with malice or reckless indifference to the federally protected rights of Mr.Saros.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.   Grant a permanent injunction enjoining the Defendant, NIBCO Inc., its officers, successors, assigns, and all persons in active concert or participation with it, and from engaging in any employment practice which discriminates in violation of Title VII.

B.   Order the Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for Mr. Saros and which eradicate the effects of its past and present unlawful employment practices.

C.   Order the Defendant to make whole Mr. Saros by providing appropriate back pay with prejudgment interest in amounts to be proved at trial, front pay, and other affirmative relief necessary to eradicate the effects of unlawful employment practices.

D.   Order the Defendant to make whole Mr. Saros by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraph 7, above, including but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life and humiliation, in amounts to be determined at trial.

E.   Order the Defendant to make whole Mr. Saros by providing compensation for past and future pecuniary losses resulting from the unlawful practices complained of in paragraph 7, above, in amounts to be determined at trial.

F.   Order the Defendant to pay punitive damages for its malicious or reckless conduct described in paragraph 7, above, in amounts to be determined at trial.

G.   Grant such further relief as the Court deems necessary and proper.

H.  Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by the complaint.

Respectfully submitted,

RONALD COOPER
General Counsel

JAMES LEE
Deputy General Counsel

GWENDOLYN REAMS
Associate General Counsel

ROBERT A. CANINO
Regional Attorney
Oklahoma State Bar No. 011782

ROBERT B. HARWIN
Associate Regional Attorney
District of Columbia Bar No. 076083

SUZANNE M. ANDERSON
Supervisory Trial Attorney
Texas Bar No. 14009470

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
San Antonio Field Office
5410 Fredericksburg Road, Suite 200
San Antonio, Texas 78229-3555

Dallas District Office
207 South Houston, 3rd Floor
Dallas, Texas 75202
(214) 253-2740
(214) 253-2749 (FAX)