```
                                              FILED
                                          U.S. DISTRICT COURT
    IN THE UNITED STATES DISTRICT COURT  EASTERN DISTRICT OF TEXAS
        FOR THE EASTERN DISTRICT OF TEXAS
                LUFKIN DIVISION              AUG 1 0 2007
```

EQUAL EMPLOYMENT OPPORTUNITY )
COMMISSION, )     DAVID J. MALAND, CLERK
) BY
) DEPUTY_____
Plaintiff, )
)
v. ) CIVIL ACTION NO. 9:06CV00227-RHC
) JUDGE RON CLARK
NIBCO, INC., )
)
Defendant. )

## CONSENT DECREE

The parties to this Consent Decree are the Plaintiff, United States Equal Employment Opportunity Commission ("EEOC"), and Defendant, NIBCO, Inc., ("Defendant"). This Consent Decree resolves the allegations raised by the EEOC in the above-referenced Civil Action No. 9:06CV00227-RHC. The EEOC initiated this lawsuit under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991, to correct alleged unlawful employment practices on the basis of national origin (Turkish) and religion (Islam) and to provide appropriate relief to Oktay Saros, who was allegedly adversely affected by such practices. The EEOC contends that the Defendant subjected Oktay Saros to a hostile work environment based on his national origin (Turkish) and/or his religion (Islam). Defendant denies these allegations.

The EEOC and Defendant wish to settle this action, without the risks, uncertainties and expenses of continued litigation, under the terms in the Consent Decree. By entering into this Consent Decree, Defendant makes no admission of liability or wrongdoing and makes no admission that its conduct was improper, discriminatory, or illegal in any respect.

IT IS ORDERED, ADJUDGED AND DECREED as follows:

1. This Court has jurisdiction of the subject matter of this action and the parties, venue is proper, and all administrative prerequisites to the EEOC's filing of this action have been met. The parties stipulate to the Court's jurisdiction.

2. This Consent Decree resolves all issues raised in the EEOC's Complaint. The EEOC waives further litigation of all issues raised in the above-referenced Complaint. The EEOC expressly reserves its right, however, to process and litigate any other charges which may now be pending or may in the future be filed against Defendant.

3. The duration of this Consent Decree shall be two (2) years from the date of its filing with the Court. This Court shall retain jurisdiction of this action during the period of this Consent Decree and may enter such other and further relief as it deems appropriate to ensure implementation and enforcement if its provisions.

4. Defendant, its agents, officers, employees, servants, successors, and assigns, shall provide their employees at its facility in Nacogdoches, Texas with a place of employment free of discrimination on the basis of national origin and religion, made unlawful by Title VII.

5. Nondiscrimination and Anti-Harassment Policies: Defendant at its facility in Nacogdoches, Texas shall ensure that within ninety (90) days of the entry of this Consent Decree, its nondiscrimination policy meets the following criteria:

    a) Prohibits discrimination against employees at its facility in Nacogdoches, Texas on the basis of national origin and religion in violation of Title VII, and specifically prohibits any act, policy or practice that has the effect of creating, facilitating or permitting the existence of a work environment that is hostile to employees in violation of Title VII;

b) Provides for prompt investigation of national origin and/or religion complaints and for prompt action, which is appropriate and effective, to remedy the alleged discrimination at its facility in Nacogdoches, Texas;

c) Provides for substantial and progressive discipline at its facility in Nacogdoches, Texas for violating Defendant's Nondiscrimination and Anti-Harassment policy up to and including discharge; and

d) Provides that Defendant shall not take any reprisal action, in any manner whatsoever, against an employee at its facility in Nacogdoches, Texas for having opposed any employment practice made unlawful by Title VII.

6. Within thirty (30) days of the entry of this Consent Decree, to resolve all claims for damages under 42 USC 1981a, Defendant, in settlement of this dispute, shall pay to Oktay Saros, the sum total of $25,000.00 (Twenty Five Thousand Dollars). Payment to Oktay Saros shall be mailed to 6969 South Loop East, Apt. 1201, Houston, Texas 77087. Oktay Saros shall be personally responsible for payment of any applicable federal taxes. A copy of the settlement check and any accompanying transmittal documents shall be forwarded to the EEOC to the attention of Judith G. Taylor, Supervisory Trial Attorney, 5410 Fredericksburg Rd., Suite 200, San Antonio, Texas 78229.

7. Within 90 days of the date of entry of this Consent Decree, all managerial and supervisory employees who worked at Defendant's facility in Nacogdoches, Texas, shall participate in EEO Title VII anti-discrimination training, of not less than four (4) hours. This training will be conducted by NIBCO's attorneys. Within 30 days prior to the date scheduled for this training, Defendant shall furnish to the EEOC a written report describing the training to be attended by the employees referred to in this paragraph, and the EEOC shall have the right to approve the training.

8. Within twenty (20) days after entry of this Consent Decree, Defendant shall post copies of the Notice attached as Exhibit "A" to this Consent Decree at its facility in

Nacogdoches, Texas, in a conspicuous location easily accessible to and commonly frequented by employees. The Notice shall remain posted for the duration of this Consent Decree. Defendant shall ensure that the posting is not altered, defaced or covered by any other material.

9. During the duration of this Decree, the EEOC shall have the right to ensure compliance with the terms of this Decree by Defendant at its facility in Nacogdoches, Texas.

10. Defendant shall bear the costs associated with administering and implementing the provisions of this Consent Decree.

11. The parties to this Consent Decree shall bear their own costs and attorney's fees. Furthermore, the parties agree that pursuant to Section 706(k) of Title VII, 42 U.S.C. § 2000e-5(k), there is no "prevailing party" in this action or proceeding.

12. The terms of this Consent Decree shall be binding upon the EEOC and Defendant, its agents, officers, employees, servants, successors, and assigns, as to the issues resolved herein.

13. When this Consent Decree requires the submission by Defendant of documents or other materials to EEOC, such documents or other materials shall be mailed to Judith G. Taylor, Supervisory Trial Attorney, 5410 Fredericksburg Road, Suite 200, San Antonio, Texas 78229.

SO ORDERED AND ENTERED this 9th day of August, 2007.

_____
RON CLARK
UNITED STATES DISTRICT JUDGE

Respectfully submitted,

RONALD S. COOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

/s/ Robert A. Canino
w/permission Edward Juarez
_____
ROBERT A. CANINO
Regional Attorney
Oklahoma State Bar No. 011782

/s/ Judith G. Taylor
w/permission Edward Juarez
_____
JUDITH G. TAYLOR
Supervisory Trial Attorney
Texas State Bar No. 19708300
E-mail: judith.taylor@eeoc.gov

/s/ Curt W. (Curt) Fenley, III
w/permission Edward Juarez
_____
CURTIS W. (CURT) FENLEY, III
Attorney at Law
State Bar No. 06902010

FENLEY & BATE, L.L.P.
224 E. Lufkin Avenue
P.O. Box 450
Lufkin, Texas 75902-0450
Telephone: (936) 634-3346
Facsimile: (936) 639-5874
Email: cfenley@fenley-bate.com

ATTORNEY FOR DEFENDANT

/s/ Edward Juarez
_____
EDWARD JUAREZ
Trial Attorney
Texas State Bar No. 24014498

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
San Antonio Field Office
5410 Fredericksburg Road, Suite 200
San Antonio, Texas 78229-3555
Telephone: (210) 281-7613
Facsimile: (210) 281-7669
Email: eduardo.juarez@eeoc.gov

ATTORNEYS FOR PLAINTIFF

# EXHIBIT A

## NOTICE AS REQUIRED UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

1. Both Federal law and the NIBCO's Associate Handbook require that there be no discrimination against any employee or applicant for employment because of that person's race, color, religion, sex, or national origin with respect to hiring, compensation, promotion, discharge, or other terms, conditions or privileges of employment.

2. NIBCO strongly supports and will comply with such Federal law in all aspects and it will not take any action against employees because they have exercised their rights under the law by filing charges with the U.S. Equal Employment Opportunity Commission.

3. If you believe you are being discriminated against in any term or condition of your employment because of your race, religion, color, national origin, sex, or that you are being retaliated against for having engaged in Title VII-protected activity, you are encouraged to seek assistance from your supervisor, human resources manager, the plant manager, the Corporate Human Resources department, the anonymous Compliance Hotline at 1 (866) 825-8371, or from the U.S. Equal Employment Opportunity Commission, Dallas District Office, 207 S. Houston Street, 3th Floor, Dallas, Texas 75202-4726, 1 (866) 408-8075, 1 (800) 669-4000 or 1 (214) 253-2710 (TTY).

4. No retaliatory action may be taken against you for seeking assistance, filing a charge, or communicating with the U.S. Equal Employment Opportunity Commission.